UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>EDGAR RODOLFO COTA,<br><br>　　　　　　　　　　　　Defendant. | Case No.: 3:19-CR-4057-GPC<br><br>**ORDER DENYING MOTION TO MODIFY DEFENDANT'S CONDITIONS OF RELEASE**<br><br>**[ECF No. 36.]** |

This Order addresses Defendant Edgar Rodolfo Cota's third motion to amend the conditions of his release. (ECF No. 36.) Having reviewed Defendant's motion, the Government's response, and the record in this case, the Court elects to proceed without a hearing and **DENIES** Defendant's motion.

**I.     Procedural Background**

Defendant Edgar Rodolfo Cota was arrested on September 17, 2019 and charged with the importation of 103 kilograms of methamphetamine. (ECF Nos. 1, 14.) At Mr. Cota's Initial Appearance before Magistrate Judge F. A. Gossett III on September 23, 2019, the Government moved for a $40,000 personal appearance bond to be secured by two financially responsible adults, with a 10 percent cash deposit. (ECF No. 28 at 4.) Following the recommendation of Probation and the Defendant, the Magistrate Judge entered a $20,000 personal appearance bond, to be secured by the signatures of two financially

responsible adults, and with a $2,000 deposit for Defendant. (ECF No. 10.)

On April 9, 2020, Defendant filed a motion requesting that the Court lower the bond conditions to a $5,000 cash or corporate surety bond, to be paid by The Bail Project. (ECF No. 29.) Magistrate Judge Barbara Lynn Major denied the request, noting that Defendant did not identify someone to sign a bond, address the § 3142(g) factors, or demonstrate any risk factors making Defendant more susceptible to COVID-19. (ECF No. 30.)

On April 20, 2020, Defendant filed a second motion requesting that the Court modify the bond conditions to allow for a $15,000 personal appearance bond secured by one financially responsible and related adult and a $5,000 cash deposit from The Bail Project. (ECF No. 31.) The Government opposed the motion the following day. (ECF No. 32.) Defendant offered only one surety, despite "strong family ties to Southern California," and relied on the Bail Project to post the cash deposit. (ECF No. 33.) Consequently, on April 28, 2020, Magistrate Judge Barbara Lynn Major denied the motion again. (*Id.*)

On May 4, 2020, Defendant filed the instant motion seeking, for a third time, to modify the conditions of his release. (ECF No. 36.) On May 11, 2020, the Government filed a response. (ECF No. 38.) Having reviewed the above-cited papers as well as the record in this case, the Court elects to proceed without a hearing on the motion for review of conditions of release and **DENIES** the motion for review of conditions of release.

## II.   Applicable Standards

18 U.S.C. § 3145(a) provides "[i]f a person is ordered released by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release. The motion shall be determined promptly." A district judge reviews a magistrate judge's detention order de novo. *United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990). The Court may decide the motion on the papers and documents before the Court without a hearing. *United States v. Martinez-Tomas*, No. 20-50095 (9th Cir. April 30, 2020); *United States v. Dodd*, No. 20-cr-0016, 2020 WL 1547419, at *1 (D. Minn. Apr. 1, 2020); *United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857 (D. Md. Mar. 17, 2020) (no requirement to hold a hearing on

request for reconsideration of order of detention). The Court finds that this matter is suitable for determination without a hearing.

### III.   § 3142(g) Analysis

First, the Court recognizes that the COVID-19 pandemic presents significant public health concerns. It has proven to be particularly deadly for certain groups without regard to age or prior physical condition. It appears to affect certain racial and ethnic groups more than others. Without a vaccine, attempts to contain the spread of COVID-19 have turned to social distancing and wearing masks. Given the nature of detention facilities, social distancing has been difficult to practice in these facilities.

The Court finds that it is appropriate to take into account the risks of harm to detainees created by COVID-19 and the psychological impact on pretrial detainees. The COVID-19 pandemic does not, however, require that all pretrial detainees be released on bail or on their own recognizance. Ultimately, the Court is required to conduct an individualized analysis under the Bail Reform Act. *See United States v. Villegas,* No. 2:19-cr-568-AB, __F. Supp. 3d __, 2020 WL 1649520, at *2 (C.D. Cal. Apr. 3, 2020) ("No matter the heightened risks intrinsic to prison populations as a matter of public health, the Court has no authority as a matter of law to permit pretrial release under the Bail Reform Act just because of the current pandemic's generic risks.").

Under 18 U.S.C. § 3142(g), the Court's individualized analysis considers the following factors in determining whether to grant release:

1. <u>Nature and Seriousness of the Offense</u>.

Mr. Cota is charged with a drug offense which carries a mandatory minimum term of ten years and a statutory maximum term of life in prison. *See* 21 U.S.C. § 952(b)(1). The charge creates a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3). Hence, though the Government has extended a 5-year mandatory minimum offer and Defendant believes he is safety-valve eligible, (ECF No. 36 at 5–6), the charge remains a serious offense and carries significant possible

penalties. Consequently, this factor weighs against the Defendant.

### 2. Weight of the Evidence Against the Defendant.

Defendant is alleged to have been the driver of a car containing methamphetamine and to have associated "with a methamphetamine recrystallization lab in Texas." (ECF No. 38 at 4.) This factor, thus, weighs against the Defendant. Nonetheless, while the weight of the evidence may be strong, it is the "least important of the various factors" in the Court's analysis. *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985).

### 3. Defendant's History and Characteristics

#### a. Family and Community Ties.

Mr. Cota has extended family in the United States, including a brother in Las Vegas, Nevada as well as an aunt and cousins in Southern California. (ECF No. 36 at 6.) Mr. Cota's minor children currently live in Mexico with their grandmother. (*Id.*) Mr. Cota's extended family members are unable to serve as sureties given their financial circumstances, though they remain in contact with him and intend to support him financially if released. (*Id.*) This factor thus weighs slightly in Mr. Cota's favor, though the Court recognizes that his connections to the country of Mexico, namely, his children, provide an incentive for him to flee.

#### b. Physical and Mental Condition

Mr. Cota, a man of 29 years of age, does not have a health condition that puts him at a high risk of suffering serious complications were he to contract COVID-19. (ECF No. at 7.) Thus, Mr. Cota's health, age, and medical record as known to the Court do not weigh in favor of a modification of his conditions at this time.

#### c. Financial Resources and/or Employment.

Mr. Cota has worked in Georgia, Nevada, and Oklahoma buying and selling cars. (ECF No. 36 at 7.) However, he does not have significant financial resources. Instead, were he released, Mr. Cota's extended family would financially assist him and providing housing for him in Azusa, California. (*Id.*) This factor is neutral.

///

          d. <u>Drug abuse.</u>

Mr. Cota stated after his arrest that he smoked marijuana the day before his arrest. (ECF No. 38 at 4.) No other evidence has been referenced to suggest Mr. Cota has a more significant substance abuse issue. This factor weighs somewhat against the Defendant.

          e. <u>Criminal History.</u>

Mr. Cota has a misdemeanor conviction for domestic battery from 2016. (ECF No. 36 at 8.) This factor weighs against the Defendant.

          f. <u>Record of Prior Appearances.</u>

Mr. Cota has a 2017 failure to appear. (ECF No. 36 at 8.) Defendant represents that he "cleared this failure to appear" in 2018. (*Id.*) This factor weighs against the Defendant.

          g. <u>Danger to Any Person or the Community.</u>

Defendant is charged with the importation of methamphetamine. While this is a non-violent offense, the weight of the charge – approximately 102 kilograms – troubles the Court. (ECF Nos. 1, 14.) As noted, Defendant also has a conviction for domestic violence from 2016. (ECF No. 36 at 8.) Consequently, this factor weighs against the Defendant.

**IV.   Decision**

The above review of factors reveals that Magistrate Judge Major correctly twice denied Defendant's motions to modify his conditions of bail.

On one hand, Mr. Cota has some connections to the community here who would provide housing upon his release and who, though interested in supporting him, cannot provide for his bail given their financial circumstances. On the other hand, Mr. Cota has been charged with a serious offense that carries a ten-year minimum sentence. He was also convicted for domestic violence in 2016 and, during the pendency of that prosecution, failed to appear at least once for a court appointment. Mr. Cota also has minor children who reside currently in Mexico. Lastly, at 29 years of age, Mr. Cota does not display any medical factors that would put him at risk of serious complications were he to contract COVID-19. Consequently, as neither Defendant nor his family are prepared to secure a bond with their own cash or property, the proposed $15,000 personal appearance bond

secured by two financially responsible adults, with a $5,000 cash deposit from The Bail Project, is insufficient to create an incentive for Defendant to return to Court to face prosecution in this case.

The Court finds that given the seriousness of the offense, Defendant's ties to Mexico, and Defendants' prior conviction and failure to appear, the proposed personal appearance bond will not assure the attendance of Defendant at all future court hearings. The Court **DENIES** the motion to set conditions of release proposed by the Defendant without prejudice. In the event that Defendant can offer a set of conditions of release that includes residing in the State of California, and which requires Defendant or his family to put forward a reasonable portion of the cash deposit, the Court is prepared to reconsider a renewed motion for review of conditions of release.

**IT IS SO ORDERED.**

Dated: May 26, 2020

Hon. Gonzalo P. Curiel
United States District Judge